TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
Nevada Bar Number 8264
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
JOSEPH WEIDHAAS
Special Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Fax: (702) 388-6418
tony.lopez@usdoj.gov
joseph.weidhaas@usdoj.gov
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BIANCA MONIQUE MCMURRAY,<br><br>Defendant. | Case No. 2:26-cr-122-APG-MDC<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

The parties in this case, by and through their undersigned counsel (collectively, hereinafter "the parties"), respectfully move for entry of a Protective Order governing discovery provided to the defendant in this matter in accord with the following Stipulation.

1. The parties recognize that various federal and state laws and regulations extend protections and limitations regarding the use, disclosure or publication of information associated with the privacy and identity of an individual, including, but not limited to, social security number, date of birth, address, telephone number, driver's license

number, private financial information, banking information, and tax information, which is hereinafter collectively referred to as "Protected Personal Information" ("PPI").

2. Discovery in the above-captioned case is voluminous and includes well over ten thousand pages of documents, the majority of which contains PPI.

3. The parties desire to provide for the timely and expeditious exchange of discovery while simultaneously guarding against the inappropriate use, disclosure, or publication of any PPI associated with any party.

4. In light of the above, the parties have conferred on this matter and have reached agreement on the exchange and handling of materials provided in discovery as set forth below and jointly request that the Court approve this agreement as a Protective Order governing discovery under Federal Rule of Criminal Procedure 16(d)(1).

5. All materials provided as discovery by the government, including, but not limited to, recordings, investigators' or agency reports, witness statements, memoranda of interviews, computer hard drives and other electronic media, and any other documents provided by the government other than trial exhibits (*i.e.*, items actually admitted during the trial and made part of the record), in preparation for or in connection with any stage of the proceedings in this case, shall be referred to as "Discovery Materials."

6. The government may produce Discovery Materials to the defendants without redacting PPI.

7. Unless otherwise authorized by the Court, access to Discovery Materials produced by the government will be restricted to the defendants, attorneys for the defendants, and any agents, contractors, or employees acting on behalf of the defendants and their attorneys in connection with the above-captioned matter (hereinafter referred to collectively as "Authorized Person(s)").

8. Attorneys for the defendants will ensure that all Authorized Persons receive a copy of this Stipulation and are familiar with its terms and conditions.

9. Except when carrying out duties or when acting on behalf of the defendants and their attorneys in connection with the above-captioned matter, an Authorized Person shall not, without leave of Court:

a. grant or permit access to Discovery Materials by any non-Authorized Person.

b. allow or permit any non-Authorized Person to read, review, or reproduce any Discovery Materials.

c. distribute any Discovery Materials, by any means, to any non-Authorized Person.

d. use or disclose Discovery Materials for any purpose other than in connection with the defense of the above-captioned matter.

e. use or disclose Discovery Materials in connection with any pleadings or proceedings in the above-captioned matter without first redacting any PPI, unless the PPI is directly relevant to the matter at issue, in which case the PPI will be placed under seal.

f. use or disclose PPI in connection with any pleadings or proceedings in the above-captioned matter unless the PPI is directly relevant to the matter at issue, in which case the PPI will be placed under seal.

10. An Authorized Person shall not, without leave of Court, permit any non-Authorized Person to retain any copies of Discovery Materials.

11. Nothing in the agreement shall be deemed an admission of the evidentiary or admissibility or inadmissibility of any of the Discovery Materials in any subsequent proceeding.

12. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at a hearing or trial, so long as appropriate redactions are made in accordance with LR IC 6-1.

Respectfully submitted this 5th day of October, 2026.

TODD BLANCHE
Attorney General

*/s/ Rebecca Levy*
REBECCA LEVY
Assistant Federal Public Defender
Counsel for Defendant MCMURRAY

*/s/ Richard Anthony Lopez*
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
JOSEPH WEIDHAAS
Special Assistant United States Attorney

**IT IS SO ORDERED**

10-13-26

HON. MAXIMILIANO D. COUVILLIER, III
UNITED STATES MAGISTRATE JUDGE